UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH BARNES,

        Plaintiff,

        v.

DISTRICT OF COLUMBIA,

        Defendant.

Civil Action No. 13-01804 (BAH)

Judge Beryl A. Howell

**MEMORANDUM OPINION**

The plaintiff, Kenneth Barnes, commenced this action in the Superior Court for the District of Columbia ("D.C. Superior Court"), against his former employer, the District of Columbia, claiming that the defendant's Department of Youth Rehabilitation Services ("DYRS") engaged in conduct that violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 1201 *et seq.*, and other local statutory and common laws. *See generally* Compl., ECF No. 1-2. Following removal to this Court, the defendant moved to dismiss, and the plaintiff moved to amend, the complaint. *See* Def.'s Mot. Partially Dismiss Pl.'s Compl. & Partial Summ. J. ("Def.'s Mot. Dismiss"), ECF No. 4; Pl.'s Consol. Mot. Leave File Am. Compl. & Remand Action ("Pl.'s Mot."), ECF No. 5. The plaintiff also seeks remand of the case to D.C. Superior Court, if the requested leave to amend is granted. Pl.'s Mot. at 2. For the reasons set out below, the plaintiff's motion to amend and remand is granted and his federal claims are dismissed with prejudice.

1

**I.       BACKGROUND**

According to the complaint, the plaintiff worked as a Program Support Specialist at DYRS from January 2012 until "the loss of his job," on an unspecified date. Compl. ¶¶ 9, 75. 95, 105. He initiated this suit alleging in seven claims that the DYRS failed to accommodate his disability (*i.e.*, legal blindness) in violation of the ADA, Compl. ¶¶ 66 –76 ("Count I"), and the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code §§ 2-1401.01 *et seq.*, Compl. ¶¶ 86–96 ("Count III"); discriminated against him on account of his disability, in violation of the ADA, Compl. ¶¶ 77–85 ("Count II"), and the DCHRA, Compl. ¶¶ 97–106 ("Count IV"); created a hostile work environment in violation of Title VII, Compl. ¶¶ 107–110 ("Count V"); retaliated against him for protesting DYRS' failure to accommodate him in violation of Title VII, Compl. ¶¶ 111–117 ("Count VI"); and retaliated against him for making disclosures about DYRS' operations, in violation of the District of Columbia Whistleblower Protection Act, D.C. Code §§ 1-615.51 *et seq.*, Compl. ¶¶ 118–124 ("Count VII").

Following removal of this case to this Court, pursuant to 28 U.S.C. § 1331, the defendant moved to dismiss all seven counts of the plaintiff's complaint or, alternatively, for partial summary judgment on Counts I–III and VI–VII. *See* Def.'s Mot. Dismiss at 12. The plaintiff submitted no opposition to the defendant's motion but, instead, fifty-one days after the filing of the defendant's motion to dismiss and over a month after the deadline for filing any opposition, moved for leave to amend his complaint to remove all causes of action arising under federal law and to remand the remaining claims arising under local statutory or common law to D.C. Superior Court. *See* Pl.'s Mot. In response, the defendant has consented to the plaintiff's motion to amend the complaint and remand the suit on the condition that the plaintiff's federal claims are dismissed with prejudice. Def.'s Opp'n Pl.'s Mot. Leave File Am. Compl. & Remand

("Def.'s Opp'n") at 2, ECF No. 6.  The plaintiff opposes this condition.  Pl.'s Reply Br. Supp. Pl.'s Mot. Leave File Am. Compl. & Remand Action ("Pl.'s Reply") at 1, ECF No. 7; Pl.'s Suppl. Br. Further Supp. Pl.'s Consol. Mot. Leave File Amend. Compl. & Remand Action ("Pl.'s Suppl. Br.") at 1, ECF No. 8.

In light of the dispute between the parties as to whether the federal claims should be dismissed with prejudice, particularly in the context of the plaintiff's failure to file any timely opposition to the defendant's motion to dismiss, the Court directed the plaintiff to show cause why the defendant's motion to dismiss should not be granted as conceded, and why the plaintiff's motion to amend the complaint should not be granted on the condition that the withdrawn federal claims are dismissed with prejudice.  *See* May 6, 2014 Minute Order.  The plaintiff filed a timely response to the Court's Minute Order urging that the Court "can and should" resolve the plaintiff's motion to amend before resolving the defendant's motion to dismiss despite the untimely filing of the motion to amend.  Pl.'s Resp. Order Show Cause ("Pl.'s Resp. OTSC") at 3, ECF No. 9.  The plaintiff further indicated that although he "does not anticipate bringing his federal claims a second time before the District of Columbia Superior Court," he nevertheless "should not be foreclosed from re-alleging federal violations should discovery warrant."  *Id*.

The defendant's pending motion to dismiss, with prejudice, the federal claims and the plaintiff's pending consolidated motions to amend the complaint and remand the action are now ripe for resolution.

## II.  LEGAL STANDARD FOR AMENDMENT TO COMPLAINT

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a

3

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give [] when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'"); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996), *cert. denied,* 520 U.S. 1197 (1997) (holding that "leave to amend should be freely given unless there is a good reason, such as futility, to the contrary"); *Norris v. Salazar*, 885 F. Supp. 2d 402, 414 (D.D.C. 2012), *aff'd*, No. 12-5288, 2013 WL 1733645 (D.C. Cir. Apr. 10, 2013).

A complaint is a pleading to which a responsive pleading is required. FED. R. CIV. P. 7(a)(2). Thus, under Rule 15(a)(1)(B), the plaintiff has an absolute right to amend the complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f). *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011); *Stone v. Dewey*, No. 10-159, 2011 U.S. Dist. LEXIS 76249, 2011 WL 2784595, at *6 (N.D. Fla. July 14, 2011). The part of the Rule allowing the right to amend once as a matter of course within 21 days after service of a motion under Rule 12(b), (e) or (f), was the result of an amendment made in 2009. FED. R. CIV. P. 15 advisory committee's note (2009 Amendments). That amendment was intended to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion" and thereby "avoid the need to decide the motion," reduce "the number of issues to be decided," "expedite determination of issues that otherwise might be raised seriatim" and "advance other pretrial proceedings." *Id*. The Report of the Judicial Conference Committee on Rules of

Practice and Procedure, which proposed the 2009 amendments, noted that, under the prior version of the rule, "[s]ignificant problems can arise when a party files an amended pleading as a matter of right on the eve of a court's ruling on a dispositive Rule 12 motion." Summary of Report of Judicial Conference Committee on Rules of Practice and Procedure, at 24 (Sept. 2008). By requiring pleaders to file amended complaints promptly in response to dispositive motions, the 2009 amendment to Rule 15(a) was intended to "provide[] courts and litigants with an enhanced degree of notice" about the issues in the case, and "increase efficient management of the court's docket." *Hayes v. District of Columbia*, 275 F.R.D. 343, 345–46 (D.D.C. 2011).

After 21 days have passed from the filing of an answer or motion for dismissal under Rule 12(b), (e), or (f), the plaintiff is required to either obtain the consent of the opposing party or seek the permission of the district court to amend the complaint to remove certain claims. FED. R. CIV. P. 15(a)(2). The Supreme Court has provided guidance to district courts on applying the standard set out in this Rule for granting leave to amend, stating that

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182.

Upon consideration of these factors, such as "undue delay, bad faith or dilatory motive on the part of the movant," the Court may, in its discretion, grant the plaintiff leave to amend subject to a specified condition. "The statement in Rule 15(a)(2) that the court 'should freely give leave when justice so requires' presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it." 6 CHARLES

ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1486 at 693 (3d ed. 2010). Indeed, "[t]he imposition of terms often will further the rule's liberal amendment policy." *Id*. Thus, under Rule 15, "numerous courts have concluded that [Rule 15(a)] gives them authority to impose conditions when permission to amend is allowed." *Id.* at 691; *see also Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-00970, 2010 WL 3630118, at *5 (D. Colo. Sept. 9, 2010) (collecting cases); *In re QMect, Inc.*, 349 B.R. 620, 623 (Bankr. N.D. Cal. 2006) (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines,* 761 F.2d 1386, 1391 (9th Cir. 1985)); *In re: Orthopedic Bone Screw Prods. Liab. Litig.*, No. MDL 1014, 1998 WL 633680, at *2 (E.D. Pa. Aug. 14, 1998) *aff'd sub nom. In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781 (3d Cir. 1999) (citing *Smith, Kline and French Labs. v. A.H. Robins Co.,* 61 F.R.D. 24, 30 (E.D. Pa. 1973)); *Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993) (citing *Smith, Kline & French Labs. v. A.H. Robins Co.,* 61 F.R.D. at 30; *Etablissements Neyrpic v. Elmer C. Gardner, Inc.,* 175 F. Supp. 355, 357 (S.D. Tex., 1959)) (recognizing that "the court has the power to grant leave upon certain conditions").

## III. DISCUSSION

The plaintiff contends that, despite having failed to file a timely opposition to the defendant's motion to dismiss or for partial summary judgment, this motion should be denied as moot, in light of the plaintiff's subsequently filed motion to amend the complaint removing all federal law claims, and to remand the case to D.C. Superior Court. Pl.'s Mot. at 1–3. The defendant, on the other hand, seeks to have its motion granted with prejudice as to the plaintiff's federal claims, indicating that it is "not opposed to allowing the amendment" to the complaint, so long as the plaintiff's federal claims are dismissed with prejudice. *See* Def.'s Opp'n at 2.

According to the defendant, absent dismissal with prejudice, upon remand, the plaintiff would seek leave to amend his complaint to re-assert his federal claims, resulting in "an unnecessary waste of judicial resources" and "unfairness" to the defendant. *Id.* In light of the parties' dispute over the finality of the dismissal of the plaintiff's federal claims, the Court first addresses the defendant's motion to dismiss before turning to the plaintiff's consolidated motions for leave to amend and remand.

### A. Defendant is Entitled to Dismissal With Prejudice of Federal Claims

The plaintiff does not dispute that he filed no timely opposition to the defendant's motion to dismiss or for partial summary judgment. *See generally* Pl.'s Resp. OTSC; *see also* LCvR 7(b) (requiring service of opposition memorandum of points and authorities "[w]ithin 14 days of the date of service" of the moving papers). If such opposition is not timely filed, "the Court may treat the motion as conceded." LCvR 7(b). Local Civil Rule 7(b) is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded where opposition was not timely filed); *see F.D.I.C. v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (such rule is necessary for "maintain[ing] docket control and . . . decid[ing] motions for summary judgment efficiently and effectively." (quoting *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996))). As this Court has recognized, "[w]hether to treat [a] motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary." *See Kyung Sung Sch. of Oriental Med. v. Nat'l Certification Comm'n for Acupuncture & Oriental Med.*, No. 10-1709, 2010 WL 5476689, at *1 (D.D.C. Dec. 30, 2010). "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia,* 117 F.3d 571, 577 (D.C.

7

Cir. 1997). A straight-forward application of Local Civil Rule 7(b) in this case would result in granting the motion to dismiss as conceded.

The plaintiff protests that the Court need not deem a motion to dismiss conceded when the plaintiff files a motion to amend out-of-time, and, further, that under such circumstances, the Court may resolve the motion to amend before turning to the motion to dismiss. Pl.'s Resp. OTSC at 1–2. In effect, the plaintiff seeks to treat his motion to amend the complaint as if it were filed as of right. When a plaintiff files an amended complaint as of right within 21 days after the filing of the motion to dismiss under Rule 12 (b), (e), or (f), the amended complaint becomes the operative pleading, *Burnett v. Sharma*, 2007 U.S. Dist. LEXIS 24182 (D.D.C. Mar. 30, 2007) ("[T]he amended pleading superceded plaintiff's original complaint and First Amended Complaint." (citing *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884); and *Nat'l City Mortg. Co. v. Navarro*, 220 F.R.D. 102, 106 (D.D.C. 2004))), and any pending motion to dismiss becomes moot, *see Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) (amended complaint timely filed by Court-ordered deadline rendered defendant's motion to dismiss moot).[1] A plaintiff may avoid application of the concession finding authorized under Local Civil Rule 7(b), when intending to respond to a dismissal motion by seeking leave to amend the complaint outside of the 21-day period for an amendment as of right, simply by seeking an extension of time to file such an amendment from the Court. *See* FED. R. CIV. P. 6(b)(2) (Rule 15(a) not among rules for which no extension of time is allowed). Such request for extension of time

---

[1] The deadlines under applicable procedural rules differ for an opposition memorandum and for an amendment as of right to a complaint. Specifically, under the local rules and the Federal Rules of Civil Procedure, any opposition must be filed within, at most, seventeen days of the filing date of a 12(b)(6) motion, *see* LCvR 7(b) (requiring service of opposition memorandum of points and authorities "[w]ithin 14 days of the date of service" of the moving papers); FED. R. CIV. P. 6(d) (granting an additional three days to file response when party employs "certain kinds of service"), while Rule 15(a)(1) grants twenty-one days for service as of right of an amended complaint in response to a Rule 12(b)(6) motion. Since an amended complaint filed as of right becomes the operative pleading, any pending motion to dismiss becomes moot even if no opposition is timely filed within 14 or 17 days of service of the motion, thereby avoiding application of the discretionary concession finding under LCvR 7(b).

8

avoids an eleventh hour filing of an amended complaint "on the eve of a court's ruling on a dispositive Rule 12 motion," Summary of Report of Judicial Conference Committee on Rules of Practice and Procedure, at 24 (Sept. 2008), and provides adequate notice to the courts and litigants that the response to the dismissal motion will be in the form of an amended complaint. *See Johnson*, 953 F. Supp. 2d at 247, 250 (finding amended complaint timely filed after Court extended the deadline to file upon plaintiff's oral request during a scheduling conference); *Hayes*, 275 F.R.D. at 345–46 (granting plaintiff leave to file amended complaint out-of-time *nunc pro tunc* upon appropriate filing by the plaintiff indicating "excusable neglect" for the late filing (citing FED. R. CIV. P. 6(b)(1)(B)). Yet, that is not the circumstance here. The plaintiff filed his motion to amend fifty-one days after the defendant's motion to dismiss was filed, well past the 17-day or 21-day deadlines, and did not seek any extension of time to file.

      The plaintiff contends that the Court should nevertheless first resolve his untimely motion to amend, Pl.'s Resp. OTSC at 1–2, citing as support *Dover v. Medstar Wash. Hosp. Ctr., Inc.*, No. 13-670, 2013 WL 5824075, at *1, 4 & n.2 (D.D.C. Oct. 30, 2013), where another Judge on this Court granted the plaintiff's motion to amend, even though that motion had been untimely filed in opposition to a then-pending motion to dismiss, and denied the motion to dismiss as moot. *Id.* at *3–5. This case is not persuasive since the plaintiff's posture in the instant case differs significantly from that in *Dover*. Specifically, plaintiff's counsel in *Dover* essentially conceded that the original federal claims, which served as the basis for removal to this Court and were eliminated in the proposed amended complaint, were not "properly researched" and "clearly inadequate," *id.* at *5, making plain that those federal claims would not be revived on remand and that the defendant faced no concomitant risk of having to again remove the action to federal court.

9

By contrast to *Dover*, here the plaintiff has indicated that he may seek to re-assert his federal claims in D.C. Superior Court. *See* Pl.'s Resp. OTSC at 3 ("Plaintiff should not be foreclosed from re-alleging federal violations should discovery warrant"); Pl.'s Suppl. Br. at 1 (arguing that the Court need not "dismiss[] Plaintiff's federal claims with prejudice" because "[i]t is bedrock federal law that the Superior Court for the District of Columbia has concurrent jurisdiction to hear cases arising out of both Title VII" and the ADA). This raises serious questions of fairness and judicial economy, which were not raised or addressed in the *Dover* decision. *Accord Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (finding that courts may "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case" and "should take this behavior into account"); *Foman*, 371 U.S. at 182 (instructing courts to consider "bad faith or dilatory motive" and "undue prejudice to the opposing party" in deciding whether to grant leave to amend). Indeed, as other courts have noted, "[i]f a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court." *Payne v. Parkchester N. Condos.*, 134 F. Supp. 2d 582, 584 (S.D.N.Y. 2001). Such tactical maneuvering is not only "a drain on the resources of the state judiciary, the federal judiciary and the parties involved," *Austwick v. Bd. of Educ.*, 555 F. Supp. 840, 842 (N.D. Ill. 1983), but undermines "the jurisdictional choice that Congress intended to afford a defendant in the removal statute." *Payne*, 134 F. Supp. 2d at 585. Indeed, due to concern that a plaintiff will simply re-assert federal claims upon remand to state court, other courts have denied the plaintiff's motion for leave to amend the complaint. *See, e.g.*, *id.* at 584 (collecting cases).

The Court need not, as the plaintiff contends, first consider the plaintiff's untimely motion to amend the complaint, which would then moot the need to resolve the defendant's

motion to dismiss. In *Ficken v. Golden*, 696 F. Supp. 2d 21, 35–36 (D.D.C. 2010), another Judge on this Court granted a motion to dismiss as conceded under Rule 7(b) where the plaintiffs filed no opposition, even though the plaintiffs had, on the same date that the motion to dismiss was filed, filed a motion to remand the case to D.C. Superior Court. *Id.* In their motion for reconsideration, the plaintiffs argued that "they reasonably believed that the court would resolve their motion for remand prior to addressing defendant['s] motion to dismiss." *Id.* at 35. The Court found the plaintiff's argument "without merit," *id.* at 37, even though, unlike the instant case, the plaintiff made timely known within the period for an opposition the outcome sought, namely, remand.

Contrary to the plaintiff's urging, the Court may first resolve the defendant's motion to dismiss. In response to the plaintiff's motion to amend the complaint, the defendant clarifies that, in light of the plaintiff's motion, it only seeks dismissal under Rule 12(b)(6) of the plaintiff's federal claims. *See* Def.'s Opp'n at 2. This motion is deemed conceded under Local Civil Rule 7(b), given that the plaintiff filed no timely opposition to the motion to dismiss and did not seek leave for an extension of time to file. *See* LCvR 7(b); *Simon-Arnold v. Epiq Class Action & Claims Solutions, Inc.*, No. 12-0955, 2012 WL 6106411, at *2 (D.D.C. Dec. 10, 2012) (granting defendant's motion to dismiss or alternatively for summary judgment as conceded where plaintiff did not file a substantive opposition); *Kyung Sung Sch. of Oriental Med.*, 2010 WL 5476689, at *1 (treating motion to dismiss as conceded under LCvR 7(b) and dismissing case with prejudice where no opposition was filed); *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 19–21 (D.D.C. 2009) (granting unopposed motion to dismiss as conceded after plaintiff filed no timely opposition and did not seek an extension of time to do so); *Duffy v. Verizon Commc'ns, Inc.*, No. 05-02005, 2007 WL 2506445, at *1 (D.D.C. Aug. 31, 2007) (dismissing plaintiff's

11

complaint with prejudice after the plaintiff neglected to file an opposition to the defendant's motion to dismiss); *see also Gates v. United States*, 928 F. Supp. 2d 63, 69–70 (D.D.C. 2013) (dismissing plaintiff's "plausible claim of negligence" with prejudice where the plaintiff's opposition to defendant's motion to dismiss with prejudice did not address this argument and consequently conceded the point). Consequently, the Court grants the defendant's motion to dismiss, in part, with respect to the plaintiff's federal claims and denies the motion in all other respects as withdrawn.

The defendant has also indicated that it is "not opposed to allowing the amendment and remanding the remaining state law claims to D.C. Superior Court." *See* Def.'s Opp'n at 2. Consequently, given that the plaintiff is free to amend its pleading "with the opposing party's written consent," FED. R.CIV. P. 15(a)(2), which the defendant has provided in its opposition, Def.'s Opp'n at 2, the Court grants the plaintiff's motion to amend the complaint as consented to by the opposing party.

The issue that now confronts the Court is whether the dismissal of the federal claims under Rule 12(b)(6) should be with or without prejudice, which is the key remaining dispute between the parties. Claims dismissed with prejudice may not be refiled since "the refiling is blocked by the doctrine of res judicata.'" *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1054 n.2 (D.C. Cir. 2014) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 672 n.11 (D.C. Cir. 2004)). Through the operation of Federal Rule of Civil Procedure 41(b), an involuntary dismissal under Rule 12(b)(6) "operates as an adjudication on the merits," "[u]nless the dismissal order states otherwise." FED. R. CIV. P. 41(b). While the D.C. Circuit has "suggested that Rule 12(b)(6) dismissals with prejudice are disfavored," at least one D.C. Circuit Judge has questioned whether "the Rules impose such a constraint on the discretion of district courts in issuing Rule 12(b)(6)

dismissals." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132–33 (D.C. Cir. 2012) (Kavanaugh, J., concurring). Judge Kavanaugh has pointed out that "[a]ny potential unfairness that could otherwise result from this procedural framework is addressed" by the provisions in Rule 15(a) allowing the plaintiff to "amend the complaint as a matter of course within 21 days of service of the [Rule 12(b)(6)] motion to dismiss" and to seek leave "to amend a complaint even outside the time period for amending as a matter of course." *Id.* at 132. "In short, Rules 12(b)(6), 15, and 41(b) work in tandem to establish a fair and efficient process for civil plaintiffs and defendants alike." *Id.*

The Court concludes that dismissal of the plaintiff's federal claims with prejudice is warranted. The plaintiff, as master of his complaint, included federal claims in his original complaint and, consequently, should have recognized that the defendant could exercise its statutory right of removal. The plaintiff's elimination of those federal claims in an amended complaint in order to improve consideration of the plaintiff's related motion for remand of the case to D.C. Superior Court is a legitimate tactical choice. This choice, however, begins to raise the specter of impermissible forum-shopping when the plaintiff also indicates an intention to consider reviving the federal claims upon remand. This leaves the defendant to the plaintiff's caprice in re-asserting, at some later date, federal claims that the defendant has been prepared to litigate now in this forum. It would also leave open the possibility that the defendant would have to remove this action to this Court a second time, resulting in a repetitious waste of resources and time on the part of the parties and both the state and federal courts.

Due to such concerns over preservation of judicial and parties' resources and fairness to the defendant, other courts have concluded that leave to amend a complaint may be granted on the condition that the eliminated federal claims are dismissed with prejudice. *See Addamax*

13

*Corp.*, 149 F.R.D. at 5–6 (recognizing that "[o]ne of those conditions" for a district judge to grant leave to amend the complaint "may properly be that claims contained in the original complaint but not included in the amended complaint be considered dismissed with prejudice . . . ."). *In re QMect, Inc.*, 349 B.R. at 626 (ruling that elimination of claims in amended complaint would only be permitted if those claims were dismissed with prejudice); *Jones v. Scientific Colors, Inc.*, No. 99-1959, 2001 WL 883689, at *2 (N.D. Ill. Aug. 6, 2001) (granting plaintiff's motion to amend complaint to withdraw claim on condition that claim be withdrawn with prejudice given no "mitigating explanation from plaintiffs . . . why the proposed withdrawal of the [claim] should be without prejudice"); *In re: Orthopedic Bone Screw Prods. Liab. Litig.*, 1998 WL 633680, at *2 (granting plaintiff leave to amend complaint to omit certain claims and "requir[ing] that the amendment effect[] a voluntary dismissal with prejudice"); *Etablissements Neyrpic*, 175 F. Supp. at 358 (permitting plaintiffs to amend their pleadings and requiring dismissal with prejudice of the withdrawn claims).

In the plaintiff's response to the Court's show cause order, the plaintiff gave no reason why the Court should not condition grant of the plaintiff's motion to amend on dismissal of his federal claims with prejudice. *See generally* Pl.'s Resp. OTSC. Rather than condition the grant of the plaintiff's motion for leave to amend, the same end may be reached by dismissing the plaintiff's federal claims with prejudice.

Accordingly, the plaintiff's federal law claims arising under the ADA in Counts I –II and Title VII in Counts V–VI are dismissed with prejudice.

### B. The Court Declines to Exercise Supplemental Jurisdiction

Given that there are no federal claims remaining in this suit, the defendant has "no interest recognized by a federal statute in a federal forum." *Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 7 (D.D.C. 2004) (quoting *Trask v. Kasenetz,* 818 F.Supp. 39 (E.D.N.Y.

1993)). In such circumstances, where all federal law claims are removed from the suit, the court will consider whether to exercise supplemental jurisdiction over state claims by balancing "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ.*, 484 U.S. at 350 & n.7 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)); *see also Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006) (same). Since the defendant filed its motion to dismiss merely six days after removal and the parties have yet to enter discovery, under the interests of comity, judicial economy, and fairness, the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. *See Fouch v. District of Columbia*, No. 12-1291, 2014 WL 57564, at *5 (D.D.C. Jan. 8, 2014) (declining to exercise supplemental jurisdiction over state law claims and remanding case to Superior Court in interest of comity and efficiency because "once [case] was removed to this Court the defendants immediately moved to dismiss" and Court had "not invested significant time or resources on the state law claims."); *Levinson v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 13-0484, 2013 WL 6153898, at *1–2 (D.D.C. Nov. 25, 2013) (remanding case "in the interest of comity" after removal of claims preempted by federal law); *see Smith v. Gutter Covers of Maryland & Virginia*, No. 04-01974, 2005 WL 3276280, at *4 (D.D.C. Aug. 4, 2005) (remanding case after removal of federal claims because "both judicial economy and this court's 'reluctan[ce] to retain pendent jurisdiction . . .' support remand." (internal citations omitted)). Consequently, the Court remands the instant suit to the Superior Court of the District of Columbia.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss is granted in part and denied in part. Specifically, the defendant's Motion to Dismiss is granted with respect to the plaintiff's federal claims, which are dismissed with prejudice, and denied in all other respects. In

15

addition, the plaintiff's Consolidated Motion to Amend the Complaint and Remand this Action to the Superior Court of the District of Columbia is granted.  An appropriate order to this effect will be entered with this Memorandum Opinion.

Date:  May 16, 2014

_____
BERYL A. HOWELL
United States District Judge